**Maurice BLONSTEIN, Individually and as Independent Executor of the Estate of David Blonstein, Petitioners,**

v.

**Esther BLONSTEIN, Respondent.**

**No. D–2745.**

Supreme Court of Texas.

Dec. 31, 1992.

Rehearing Overruled April 7, 1993.

Thomas C. Wright, Houston, for petitioners.

Frank W. Mitchell, James P. Smith, Houston, for respondent.

## DENIAL OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

During their marriage, David and Esther Blonstein executed a marital property agreement. After David Blonstein's death in 1989, Maurice Blonstein, David's executor and brother, sought to set aside the marital property agreement on several grounds. Based upon the jury verdict, the trial court rendered judgment that the marital property agreement was enforceable. The court of appeals affirmed. 831 S.W.2d 468.

Among other things, the court of appeals held that the broad-form jury question—"Did David Blonstein voluntarily execute the marital property agreement?"—necessarily encompassed the defenses of duress, overreaching and undue influence. The court of appeals also held that the broad-form jury question—"Was David Blonstein provided a fair and reasonable disclosure of the property or financial obligations of Esther Blonstein or did David Blonstein have or reasonably could have had an adequate knowledge of the property or financial obligations of Esther Blonstein?"—necessarily encompassed the defenses of

fraud, breach of fiduciary duty and estoppel. 831 S.W.2d at 471. Although not mentioned by the court of appeals, the trial court included instructions with the jury questions. In denying the application for writ of error, a majority of the court neither approves nor disapproves the analysis of the court of appeals concerning this issue. The application for writ of error is denied.